UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>                Petitioner,<br><br>v.<br><br>JUDGE PETTY, et al.,<br><br>                Respondents. | Case No. 1:24-cv-00593-DCN<br><br>**INITIAL REVIEW ORDER** |

      Pending before the Court is Petitioner Bradley Wheeler's Petition for Writ of Habeas Corpus. This is only one of Petitioner's many habeas cases challenging the same state court conviction. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho, filed Dec. 5, 2024); *Wheeler v. Petty*, No. 1:24-cv-00620-DCN (D. Idaho, filed Dec. 18, 2024); *Wheeler v. Petty*, No. 1:25-cv-00028-REP (D. Idaho, filed Jan. 16, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-REP (D. Idaho, filed March 10, 2025).

      On March 20, 2025, the Court—noting that the Petition includes both habeas claims and civil rights claims, which cannot be brought in the same action—notified Petitioner that it intended to construe the Petition as a civil rights complaint. *See* Dkt. 5. The Court instructed Petitioner either to (1) file a civil rights complaint or (2) withdraw the instant petition. *Id*. at 3 (citing *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc)).

Petitioner has responded to the Court's notice, stating that he does not want this case to be construed as a civil rights action. Dkt. 6. Therefore, the Court will consider this case a habeas corpus action.

## REVIEW OF PETITION

The Court must review a habeas petition upon receipt to determine whether a petitioner may proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the [Court] must dismiss the petition …." *Id*.

In addition to filing the initial Petition, Petitioner has also requested permission to amend the Petition. Petitioner states that his damages "are continuing to accrue" and that he intends to add an additional claim and additional respondents. *Id*. at 1.

Petitioner's additional claim seeks the removal of a granite capstone from the front of the Idaho Capitol Building. *Id*. at 3. This claim does not lie at the core of habeas corpus and therefore is not cognizable—meaning it cannot be heard—in this habeas case. *See Nettles*, 830 F.3d at 931. Therefore, Petitioner's motion to amend will be denied.

Having screened the Petition under Habeas Rule 4, the Court concludes it is subject to dismissal. As the Court has noted in another of Petitioner's cases, his stated intention to file a habeas corpus case every week until he is released—notwithstanding that he already has a habeas petition pending in this Court challenging the same conviction—constitutes an abuse of process. *Wheeler v. Ross*, No. 1:24-cv-00586-BLW (Dkt. 5 at 3). Petitioner may not file serial habeas petitions challenging the same conviction when he already has such a petition pending.

INITIAL REVIEW ORDER - 2

**ORDER**

**IT IS ORDERED:**

1. Petitioner's motion to amend the petition (Dkt. 6) is DENIED because the claim Petitioner seeks to add is not cognizable in federal habeas corpus.

2. This case is DISMISSED without prejudice because (1) the habeas claims in the Petition are duplicative of those asserted in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, and (2) the only claims that are not duplicative are civil rights claims and, as such, are not cognizable in federal habeas corpus.

3. If Petitioner intends to assert claims in addition to those currently set forth in the operative petition in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, he should file a motion to amend (and a proposed amended petition) in *that* case to include such claims.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: August 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge